UNITED STATES OF DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN X 1 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MORRIS R. REEVES, )
)
    Plaintiff, ) Case No.
and )

UNIVERSITY OF ILLINOIS AT CHICAGO,

    Defendant.

10cv3316
Judge Pallmeyer
Mag. Judge Cox

)

## PLAINTIFF'S COMPLAINT

Comes now the Plaintiff, MORRIS REEVES, the Plaintiff, and in his action against the Defendant, THE UNIVERSITY OF ILLINOIS, AT CHICAGO, Defendant UNIVERSITY OF ILLINOIS AT CHICAGO (hereinafter referred to as the "UIC"), by and through his attorneys, LEE PULLIAM and ASSOCIATES, and says as follows.

### Preliminary Statement

### COMPLAINT ¶ 1:

Plaintiff brings this action to challenge discriminatory practices at the University of Illinois at Chicago, pertaining to promotions, demotions, wages, other terms and conditions of employment and in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. Section 2000e et seq., Civil rights Act of 1991, 42 U.S.C. Section 1981 and conduct on the part of the University of Illinois at Chicago designed to impugn the integrity and competence of Plaintiff and to cast Plaintiff in a false light to his coworkers. This action seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney's fees for the race, age, and gender discrimination suffered by Plaintiff as result of defendant's pervasive pattern and practice of discrimination against an African-American in certain aspects of his employment. Plaintiff has been denied equal treatment as a manager, has been excluded from certain management level positions, has been subjected to heightened scrutiny in the performance of his duties, paid lower wages, subjected to discrimination in the terms and conditions of employment, and demoted, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., 42 U.S.C. Section 1981, and principles of state tort laws. Pursuant to Rule 38 of the Federal Rules of civil Procedure, Plaintiff requests a trial by jury.

## Jurisdiction

**COMPLAINT ¶ 2:**

This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., Civil Rights Act of 1991, 42 U.S.C. Section 1981 and this Court's pendent jurisdiction over state law claims, as well as the Age Discrimination in Employment Act of 1967 (ADEA).

**COMPLAINT ¶ 3:**

Jurisdiction is invoked pursuant to 28 U.S.C. Section 1331, 1343 and 42 U.S.C. 1981, 1988 and 2000e-5(f), and pendent jurisdiction over state law claims. Right to sue letter were issued by the Equal Employment Opportunity Commission (EEOC) on March 2, 2010, true and correct copies of which are attached hereto as **Exhibits 1**.

**COMPLAINT ¶ 4:**

Venue is proper pursuant to Title 28, U.S.C. Section 1391 in that plaintiff resides, the defendant does business, and the claims arose in this district.

## Parties

**COMPLAINT ¶ 5:**

Plaintiff, MORRIS R. REEVES ("Reeves") is a citizen of the State of Illinois, residing in Chicago, Illinois, County of Cook and is a former employee of defendant the University of Illinois at Chicago, and is an African-American male, of black color, and over the age of forty (40) years.

**COMPLAINT ¶ 6:**

At all times relevant, defendant corporation, the University of Illinois at Chicago or ("UIC") is and was an Employer, engaged in a business promoting education, and, upon information and belief, employs more than 20 regular employees. It was and is the business of the UIC to offer educational courses leading to undergraduate and graduate degrees.

## Allegations Common To All Counts

**COMPLAINT ¶ 7:**

On information and belief, the Company has maintained a de facto policy and practice of not promoting African-Americans and persons over the age of forty (40) years old, and that the Plaintiff was terminated from his employment based upon these discriminatory practices.

## COMPLAINT ¶ 8:

On information and belief, the Company has maintained a de facto policy and practice of terminating minority employees from management and supervisory positions based upon their race and age.

## COMPLAINT ¶ 9:

On information and belief, the Company has maintained a de facto policy and practice of suppressing the wages of African-American employees and of paying them less than similarly situated white employees.

## COMPLAINT ¶ 10:

On information and belief, the Company has maintained de facto policies and practices of unequal and denial of opportunities for and underpayment of African-Americans and, instead of implementing measures designed to ensure equal opportunities and equal pay, the Company has failed and refused to implement such measures and have further sought to discredit qualified African-Americans to justify their unequal treatment.

## COMPLAINT ¶ 11:

On information and belief, the Company has pursued and maintained a pattern and practice of implementing and maintaining racially discriminatory employment practices designed to hire, promote and compensate white individuals and to deny African-Americans positions, promotions and equal pay, regardless of performance and qualifications.

## COMPLAINT ¶ 12:

The Company has implemented salary administration, bonus, performance evaluations and training systems for ranking employees for the purposes of determining salary, raises, bonuses and promotions. The Company has implemented and manipulated those systems of ranking employees to suppress the wages of African-Americans, to deny them positions, promotions, equal access to promotional opportunities, and to exclude African-American from managerial and supervisory positions regardless of their qualifications.

## COMPLAINT ¶ 13:

The Company has pursued a pattern and practice of discriminating against African-American employees in the terms and conditions of employment, including but not limited to:

Subjecting African-Americans to a higher level of scrutiny and to stricter standards than white employees;

Subjecting African-Americans to lower salaries, grades and other benefits that accorded to similarly situated white employees performing the same or similar tasks.

## COMPLAINT ¶ 14:

Plaintiff, Morris R. Reeves, was hired at the University of Illinois at Chicago in July 2000 as a temporary employee through "Accountants on Call", a temp agency. Because of his excellent performance, he was appointed to the position of acting Assistant Director of financial Services in Publications by Pat Strauss. In May 2001, Plaintiff applied for the position of Assistant Director of Financial Services in Publications. After completing the search process, he was chosen for the position by a university search committee.

During Plaintiff's employment with the Respondent, he had several major performance accomplishments; he streamlined the Publications Services business unit reducing staff and establishing new policies and procedures. This both, increased job billing efficiencies and reduced costs. In addition, he assumed direct management of the vending program and turned it around from a $200,000 loss to a $40,000 profit. Plaintiff managed set-up and established the operations of the Copier program which became the most successful and profitable unit of Publications Services with revenues of 2 million dollars.

July 2006 was the last performance evaluation the Plaintiff received, which was satisfactory. In September 2007, the Respondent notified the Plaintiff that he was being terminated. At the time, the Respondent offered no reason or explanation for the termination of Plaintiff.

## COMPLAINT ¶ 15:

In or about June, 2007, Plaintiff utilized the internal UIC complaint procedure and complained about his pending termination. In or about, April 1, 2008, Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 440-2008-04461).

## COMPLAINT ¶ 16:

UIC has refused to re-instate the Plaintiff to his position.

## COMPLAINT ¶ 17:

The Company proffered the pretextual explanation that Reeve's performance did not warrant retention, when in truth and in fact Reeve's performance was equal or superior to similarly situated white employees, and employees under the age of forty (40) years of age who, upon information and belief, received raises, bonuses, higher grades, larger salaries and titles.

### COUNT I

(42 U.S.C. SECTION 1981)

## COMPLAINT ¶ 18:

Plaintiff restates and realleges paragraphs 1 through 17 as if fully set forth herein.

4

## COMPLAINT ¶ 19:

The Company intentionally subjected Plaintiff to unequal and discriminatory treatment because of his race and color by:

a. Failing and refusing to pay him wages, grant him titles and promotions and grade increases to similarly situated white employees;

b. Replacing Plaintiff with a white employee, and an employee under the age of forty (40) years of age.

c. Subjecting Plaintiff to a higher level of scrutiny and stricter standards in his job performance than similarly situated white employee.

## COMPLAINT ¶ 20:

The actions of the Company constituted racial discrimination in employment in violation of 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991.

## COMPLAINT ¶ 21:

The actions of the Company were intentional, willful and malicious and/or in reckless disregard for Plaintiff's rights as secured by 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991.

## COMPLAINT ¶ 22:

The actions of the Company in intentionally discriminating against Plaintiff has caused great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages, punitive damages and attorneys' fees and costs.

## COUNT II

### (TITLE VII – RACE DISCRIMINATION IN EMPLOYMENT)

## COMPLAINT ¶ 23:

Plaintiff restates and realleges paragraphs 1 through 22 as if fully set forth herein.

## COMPLAINT ¶ 24:

Because race made a difference in the decision to terminate Plaintiff and to deny him wages, promotions, grade levels and titles in contrast to similarly white employees, to demote

Plaintiff and remove him from the position of Assistant Director of Financial Services, the Company has violated Title VII of the 1964 Civil rights Act as amended by the Civil Rights Act of 1991.

### COMPLAINT ¶ 25:

In violation of Title VII, 42 U.S.C. Section 2000e et seq., Plaintiff was treated less favorably by the Company with respect to the terms and conditions of his employment than Plaintiff's white co-employees were treated due to race.

### COMPLAINT ¶ 26:

In violation of 42 U.S.C. Section 2000e, the Company acted with reckless disregard and deliberate indifference to Plaintiff's equal employment rights.

### COMPLAINT ¶ 27:

The actions of the Company in intentionally discriminating against Plaintiff has caused great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages, punitive damages and attorney's fees and costs.

## COUNT III

### (TITLE VII – AGE DISCRIMINATION IN EMPLOYMENT)

### COMPLAINT ¶ 28:

Plaintiff restates and realleges paragraphs 1 through 27 as if fully set forth herein.

### COMPLAINT ¶ 29:

Because age made a difference in the decision to terminate Plaintiff and to deny him wages, promotions, grade levels and titles in contrast to similarly white employees, to demote Plaintiff and remove him from the position of Assistant Director of Financial Services, the Company has violated Title VII of the 1964 Civil rights Act as amended by the Civil Rights Act of 1991.

### COMPLAINT ¶ 30:

In violation of Title VII, 42 U.S.C. Section 2000e, et seq. and ADEA of 1967, Plaintiff was treated less favorably by the Company with respect to the terms and conditions of his employment than Plaintiff's white co-employees were treated due to age.

## COMPLAINT ¶ 31:

In violation of 42 U.S.C. Section 2000e, and ADEA of 1967, the Company acted with reckless disregard and deliberate indifference to Plaintiff's equal employment rights.

## COMPLAINT ¶ 32:

The actions of the Company in intentionally discriminating against Plaintiff has caused great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages, punitive damages and attorneys' fees and costs.

## COUNT IV

### (TITLE VII – GENDER DISCRIMINATION)

## COMPLAINT ¶ 33:

Plaintiff restates and realleges paragraphs 1 through 32 as if fully set forth herein.

## COMPLAINT ¶ 34:

Because gender made a difference in the decision to terminate Plaintiff and to deny him wages, promotions, grade levels and titles in contrast to similarly white employees, to demote Plaintiff and remove him from the position of Assistant Director of Financial Services, the Company has violated Title VII of the 1964 Civil rights Act as amended by the Civil Rights Act of 1991.

## COMPLAINT ¶ 35:

In violation of Title VII, 42 U.S.C. Section 2000e, et seq. Plaintiff was treated less favorably by the Company with respect to the terms and conditions of his employment than Plaintiff's white co-employees were treated due to gender.

## COMPLAINT ¶ 36:

In violation of Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights Act of 1991, Plaintiff was discriminated against because of his gender, in as much as, the Defendant retained and hired similar situated persons in the same position as the Plaintiff in a different manner.

## COMPLAINT ¶ 37:

In violation of Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights Act of

1991, Plaintiff was discriminated against because the Company acted with reckless disregard and deliberate indifference to Plaintiff's equal employment rights.

**COMPLAINT ¶ 38:**

The actions of the Company in intentionally discriminating against Plaintiff has caused great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages, punitive damages and attorneys' fees and costs.

**WHEREFORE**, Plaintiff, Morris Reeves, respectfully Requests that Judgment be entered in favor of the Plaintiff and against the Defendant in an amount that is fair and reasonable, and that the Plaintiff be awarded his reasonable costs and attorneys' fees.

Respectfully submitted,

MORRIS REEVES

By: s/ _____
One of Plaintiff's Attorneys

Lee Pulliam
Lee Pulliam & Associates
70 E. Lake Street #200
Chicago, IL 60601
Atty. #2263122

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Morris Reeves
400 East Ohio Street #1901
Chicago, IL 60611

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

EXHIBIT 1

☐ Certified Mail 7001 1940 0003 8825 1746 CP

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-04461 | Grace Swierczek, Investigator | (312) 353-7323 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____  3/2/10
John P. Rowe,                     (Date Mailed)
District Director

Enclosures(s)

cc:

UNIVERSITY OF ILLINOIS AT CHICAGO

UNITED STATES OF DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MORRIS R. REEVES, )
)
    Plaintiff, )
and )
)
) 10cv3316
UNIVERSITY OF ILLINOIS AT CHICAGO ) Judge Pallmeyer
) Mag. Judge Cox
    Defendant. )
)
)

## CERTIFICATION OF SERVICE

University of Illinois at Chicago
**Attn:** President Michael J. Hogan
414 Admin. Ofc. Bldg
1737 W. Polk St., MC-760
Chicago, IL 60612

    The undersigned, being an attorney licensed to practice law in the State of Illinois, certifies that a copy of the attached document was served upon the above named party(s) on June 01, 2010, by U.S. Mail in Chicago, IL at or about the hour of 5:00 P.M.

                              s/Lee Pulliam
                              Attorney at Law

Lee Pulliam & Associates
70 E. Lake St. #200
Chicago, Illinois 60601
(312)759-8800
Atty. #2263122