IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MORRIS R. REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10 CV 3316 |
| | ) | |
| THE BOARD OF TRUSTEES OF THE | ) | Judge Rebecca Pallmeyer |
| UNIVERSITY OF ILLINOIS | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE FRCP RULE 12(b)(6) MOTION TO DISMISS OF THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS**

Defendant, The Board of Trustees of the University of Illinois (the "University"), by its attorney, Norman P. Jeddeloh, Arnstein & Lehr LLP, *of counsel*, moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for entry of an order dismissing Plaintiff's Complaint ("Complaint") with prejudice.

**I.  FACTS ALLEGED IN THE COMPLAINT**

Plaintiff, a former employee of the University, brought this action, he says, to challenge the alleged discriminatory practices at the University in violation of Title VII, the ADEA and 42 U.S.C § 1981. Compl. ¶ 1. According to the Complaint, Plaintiff was hired by the University in July of 2000 as a temporary employee, and, in 2001, was appointed Assistant Director of Financial Services in Publications. Compl. ¶ 14. The Plaintiff states that, in 2007, he was terminated from his employment. *Id*. He appealed the decision internally via the University's "complaint procedure" and then filed with the Equal Employment Opportunity Commission. *Id*. However, after review, the University chose not to reinstate the Plaintiff. *Id*.

In addition to his contention that the termination decision employed unlawful criteria, he also asserts that the University engaged in a "pervasive pattern and practice of discrimination,"

1

Compl. ¶ 1, policies and practices he says are "de facto" (e.g. Compl. ¶ 9). Although he repeats this contention several times, he does not specify which patterns, practices, or policies or combination thereof, de facto or otherwise, serve as a basis for this contention. In this fashion, he claims the University failed to promote African-American employees (Compl. ¶ 7), terminated minority employees based on their race and age (Compl. ¶ 8), suppressed the wages of African-American employees (Compl. ¶ 9), and generally maintained racially discriminatory employment practices (Compl. ¶ 11). The plaintiff also says that the University has "implemented and manipulated" its compensation system to disfavor African-Americans (Compl. ¶ 12). These allegations are all based "on information and belief."

## II.     ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff fails to state a claim upon which relief may be granted. *See e.g., General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F. 3d 1074, 1080 (7th Cir. 1997). In order to properly state a claim, under Federal Rule of Civil Procedure 8(a)(2), a plaintiff is required to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not include detailed factual allegations, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Thus, while the Court must assume that all of the allegations in the Complaint are true, dismissal is warranted if the allegations merely create speculation or suspicion of a legally cognizable claim. *Id*.

In this case, the Plaintiff fails entirely to allege any facts that would support his conclusory legal statements that the University engaged in a "pattern and practice of discrimination" or maintains *de facto* discriminatory policies and practices, as set forth above

2

(Compl. ¶¶ 1 and 7-12). Under the Supreme Court's rulings in *Twombly* and in *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), such conclusory allegations, devoid of any factual bases, are insufficient to state a claim. In *Twombly*, the Supreme Court held that a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Iqbal*, the Court extended the ruling in *Twombly*, stating that district courts need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. 129 S. Ct. at 1949 (2009). These global allegations are too general to allow the University to adequately prepare a defense and frame discovery.[1]

In applying the holdings of *Twombly* and *Iqbal* to complaints alleging "pattern and practice of discrimination," other courts have held that mere conclusory statements and use of "magic words" were insufficient to state a cause of action. *See e.g. Irvin v. Wash*, No. 8:08-cv-1829, 2008 WL 4642286, *2 (M.D. Fla October 20, 2008) (holding that former employee's recitation of "magic words" including pattern and practice, hostile work environment, protected activity, and retaliatory discharge were not supported by facts and thus were insufficient to state a claim); *Velez v. Michigan Department of Corrections, et al.*, No. 09-10519, 2010 WL 1254852, *2 (E.D. Mich. March 28, 2010) (holding that Plaintiff's vague allegations of mistreatment without factual bases were insufficient to state a policy, pattern, or practice claim) (copies of cases attached hereto as Exhibit 1).

### III. CONCLUSION

For each and all of the foregoing reasons, this Court should dismiss Plaintiff's Complaint, with prejudice.

---

[1] They also pose problems with a instituting a litigation hold and providing the Rule 26 disclosures.

        Respectfully submitted,

        THE BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS AT
CHICAGO

        By: /s/ Norman P. Jeddeloh
            One of Its attorneys

Norman P. Jeddeloh
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
(312) 876-7100

4

9131622.1