UNITED STATES OF DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORRIS R. REEVES, ) | |
|     Plaintiff, ) | Case No. 10 CV 3316 |
| ) | |
|     and ) | Judge: Rebecca Pallmeyer |
| ) | |
| The BOARD OF TRUSTEES of the ) | Magistrate Judge: Susan E. Cox |
| UNIVERSITY OF ILLINOIS, ) | |
|     Defendant. ) | |

### ANSWER TO DEFENDANT'S MOTION TO DISMISS

NOW COMES MORRIS REEVES, the Plaintiff, and in his answer to the Defendant's Federal Rule Of Civil Procedure 12 (b)(6) MOTION TO DISMISS, by and through his attorneys, LEE PULLIAM and ASSOCIATES, and says as follows.

**Preliminary Statement**

**1. FACTS ALLEGED IN THE COMPLAINT**

Plaintiff brings this action to challenge discriminatory practices of the Defendant, The Board of Trustees of the University of Illinois (hereinafter referred to as the "Board"), pertaining to promotions, demotions, wages, other terms and conditions of employment in violation of Title VII, of the 1964 civil rights Act, 42 U.S.C. Section 2000e of the Civil rights Act of 1991, 42 U.S.C. Section 1981 and conduct on the part of the Board designed to impugn the integrity and competence of Plaintiff and to cast Plaintiff in a false light to his coworkers. This action seeks compensatory and punitive damages, and costs and attorney' fees for the race discrimination suffered by Plaintiff as result of defendant's pervasive pattern and practice of discrimination against an African-American in certain aspects of his employment. Plaintiff has been denied equal treatment as a manager, has been excluded from certain management level positions, has been subjected to heightened scrutiny in the performance of his duties, paid lower wage, and subjected to discrimination in the terms and conditions of employment, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., 42 U.S.C. Section 1981, and principles of state tort laws.

Plaintiff, MORRIS R. REEVES ("Reeves") is a citizen of the State of Illinois, residing in Chicago, Illinois, county of Cook and is a former employee of defendant the University of Illinois at Chicago, and is an African-American male, of black color, and over the age of forty (40) years.

**11. ARGUMENT**

To sufficiently plead an actionable claim of disparate treatment, the plaintiff must state facts demonstrating that: (1) he is a member of a protected class; (2) he has satisfactory job performance; (3) he was subjected to adverse employment action; and (4) similarly situated employees outside his class received more favorable treatment *Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007)*. See e.g. *Bogan v. The Roomstore, Inc., No. 3:09- CV- 705-HEH, 2010*. (copy of Memorandum Opinion attached hereto as Exhibit 1).

Under Federal Rule (8) (a) a Plaintiff is only required to give the Defendant "fair notice" of what the claim is and the grounds upon which it rests. The Federal Rule is liberally interpreted and the complaint need not include detailed factual allegations, and the Court must assume that all of the allegations in the Complaint are true.

The Plaintiff has plead that the Defendant has maintained a de facto policy and practice of not promoting African Americans persons, including the Plaintiff, and terminating him, as well as other African Americans from management and supervisory positions based upon their race and age.

Plaintiff also has plead that the Defendant has maintained a de facto policy and practice of suppressing the wages of African-American employees, including him, and of paying them less than similarly situated white employees.

The Plaintiff complaint is replete with facts detailing specific facts including discriminatory practices regarding salary and bonus allocations, and promotions, all directly related to the Plaintiff and his employment at the Defendant's place of business. The Plaintiff also specifically spoke about his hiring and termination at the Defendant's place of business.

The Defendant's reliance on Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 555 (2007) and Ashcroft v. Igbal, U. S. 129 is misplaced. The factual allegations as set forth in this matter allows the Defendant to plainly assess and answer the factual allegations and the charges are very specific with respect to each and every element alleged. It appears that the Defendant would like the facts of each and every individual who received more favorable treatment than the Plaintiff, however, until discovery is completed, they are the ones with the details as to the allegations. The fact that the Plaintiff was terminated after receiving satisfactory job performances, while similarly situated white employees who did not have the experience or qualifications as him, is more than a prima facie case of discrimination. The fact that the plaintiff was over the age of 40, and was replaced by a less qualified white female employee meets the criteria set forth in Federal Rule 8 (a) (2).

**III. CONCLUSIONS**

For each and all of the foregoing reasons, the Plaintiff respectfully requests that this Court deny the Defendant's Motion To Dismiss.

                    Respectfully submitted,

                    MORRIS REEVES


                    By:_s/Lee Pulliam_____
                    One of Plaintiff's Attorneys


Lee Pulliam
Lee Pulliam & Associates
70 E. Lake Street #200
Chicago, Il. 60601
Atty. no.2263122