**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MORRIS R. REEVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10 CV 3316 |
| ) | |
| THE BOARD OF TRUSTEES OF THE ) | Judge Rebecca Pallmeyer |
| UNIVERSITY OF ILLINOIS ) | Magistrate Judge Susan E. Cox |
| ) | |
| Defendant. ) | |

**REPLY TO PLAINTIFF'S ANSWER TO THE FRCP RULE 12(b)(6)
MOTION TO DISMISS OF THE BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS**

Defendant, The Board of Trustees of the University of Illinois (the "University"), by its attorney, Norman P. Jeddeloh, Arnstein & Lehr LLP, *of counsel*, replies to the Plaintiff's Answer to its Motion to Dismiss, stating as follows:

1. The University's Motion to Dismiss is aimed at allegations of pattern and practice discrimination pleaded by the Plaintiff "on information and belief." Therefore, the Plaintiff's arguments about the sufficiency of the complaint as it relates to pleading a claim for individual disparate treatment are not relevant. Even if this Court determines that the Plaintiff has sufficiently pleaded a claim for individual disparate treatment, this Complaint should be dismissed because of its complete lacking of any specifics at all supporting his claim of pattern and practice discrimination. For this reason, the Plaintiff's reliance on the Memorandum Opinion attached to the Answer is not relevant since it talks only about the sufficiency of a complaint (filed by a *pro se* plaintiff at that) in the context of claimed acts of individual discrimination. Here these claims of disparate impact are so intertwined with the claim of individual treatment that merely striking certain paragraphs would lend confusion to the pleading.

1

2. In his "Answer" to the University's Motion to Dismiss, the Plaintiff does not even make an effort to answer the University's arguments or distinguish the cases it cites.

3. The Plaintiff's failure to do so notwithstanding, his Complaint does not afford the University fair notice as to which of the hundreds (perhaps thousands) the University's policies, patterns, and practices he believes have adversely affected him. Considering this, if the existing complaint stands, the process of framing discovery, data preservation, and document disclosure will become daunting.

4. The Plaintiff's reliance on cookie cutter "magic words" to plead his disparate impact claim results in exactly the sort of "formulaic recitation" forbidden by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*. This shortcoming is only exacerbated by the Plaintiff's admission that he really does not know for sure whether any of these undescribed policies and practices exist or have harmed him. The best he can say is that he thinks so based upon his "information and belief."

4. Actually, here the cookie cutter is one of the Plaintiff's own making. The Plaintiff also sued his previous employer, the Federal Reserve Bank of Chicago, making many of the same allegations of Title VII violations as he has made against the University (*Morris Reeves v Federal Reserve Bank of Chicago*, 00C5048, Northern District of Illinois, copy of complaint attached hereto). Specifically, he lifted his allegations of practice, pattern, and policy discrimination <u>word for word</u> from his previous complaint. It stretches credibility for him to thusly maintain that these two public employers utilized exactly the same discriminatory policies and practices and that he was, in both instances, harmed by them in exactly the same way. The Plaintiff's "one size fits all" allegations of pattern and practice discrimination, coupled with his "information and belief" pleading, compels a conclusion that this complaint fails to raise the

2

Plaintiff's claim of a right to relief above the speculative level, directly against the requirement laid out by the Supreme Court in *Bell Atlantic v. Twombly.*

     For each and all of the foregoing reasons, this Court should dismiss Plaintiff's Complaint, with prejudice.

                                              Respectfully submitted,

                                              THE BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS AT CHICAGO

                                              By: /s/ Norman P. Jeddeloh
                                                    One of Its attorneys

Norman P. Jeddeloh
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
(312) 876-7100

9200572.1