**UNITED STATES OF DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MORRIS R. REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 CV 3316 |
| | ) | |
| v. | ) | Judge: Rebecca Pallmeyer |
| | ) | |
| THE BOARD OF TRUSTEES of the UNIVERSITY OF ILLINOIS, | ) | Magistrate Judge: Susan E. Cox |
| | ) | |
| | ) | |
| Defendant. | ) | |

**UNIVERSITY'S ANSWER TO PLAINTIFF'S 1ST AMENDED COMPLAINT**

The Board of Trustees of the University of Illinois (the "University"), by and through its attorneys, Norman P. Jeddeloh and Arnstein & Lehr LLP, answers Plaintiff's First Amended Complaint as follows:

**Preliminary Statement**

**COMPLAINT ¶ 1:**

Plaintiff brings this action to challenge discriminatory practices of the Defendant, The Board of Trustees of the University of Illinois (hereinafter referred to as the "Board"), pertaining to promotions, demotions, wages, other terms and conditions of employment and in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. Section 2000e et seq., Civil rights Act of 1991, 42 U.S.C. Section 1981 and conduct on the part of the Board designed to impugn the integrity and competence of Plaintiff and to cast Plaintiff in a false light to his coworkers. This action seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney's fees for the race, age, and gender discrimination suffered by Plaintiff as result of defendant's pervasive pattern and practice of discrimination against an African-American in certain aspects of his employment. Plaintiff has been denied equal treatment as a manager, has been excluded from certain management level positions, has been subjected to heightened scrutiny in the performance of his duties, paid lower wages, subjected to discrimination in the terms and conditions of employment, and demoted, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., 42 U.S.C. Section 1981, and principles of state tort laws. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury.

**ANSWER:** The University denies the allegations in Paragraph 1.

**COMPLAINT ¶ 2:**

This action arises under Title VII of the Civil Rights Act of 1964) as amended, 42 U.S.C. §2000e et seq., Civil Rights Act of 1991, 42 U.S.C. Section 1981 and this Court's pendent jurisdiction over state law claims, as well as the Age Discrimination in Employment Act of 1967 (ADEA).

**ANSWER:** In response to Paragraph 2, the University admits that the Plaintiff's claim is based on the cited statutes but denies that it has violated any statute.

**COMPLAINT ¶ 3:**

Jurisdiction is invoked pursuant to 28 U.S.C. Section 1331, 1343 and 42 U.S.C. 1981, 1988 and 2000e-5(f), and pendent jurisdiction over state law claims. Right to sue letter were issued by the Equal Employment Opportunity Commission (EEOC) on March 2, 2010, true and correct copies of which are attached hereto as **Exhibit 1**.

**ANSWER:** In response to Paragraph 3, the University admits that this court has jurisdiction.

**COMPLAINT ¶ 4:**

Venue is proper pursuant to Title 28, U.S.C. Section 1391 in that Plaintiff resides, the Defendant, the Board does business, and the claims arose in this district.

**ANSWER:** The University admits that venue is appropriate in the Northern District of Illinois.

**COMPLAINT ¶ 5:**

Plaintiff, MORRIS R. REEVES ("Reeves") is a citizen of the State of Illinois, residing in Chicago, Illinois, County of Cook and is a former employee of Defendant, the Board, and is an African-American male, of black color, and over the age of forty (40) years.

**ANSWER:** The University admits the allegations in Paragraph 5.

**COMPLAINT ¶ 6:**

At all times relevant, Defendant, the Board is and was an Employer, engaged in a business promoting education, and, upon information and belief, employs more than 20 regular employees. It was and is the business of the Defendant, the Board, to offer educational courses leading to undergraduate and graduate degrees.

**ANSWER:** In response to Paragraph 6, the University admits that it is a body politic and corporate of the state of Illinois established by statute 110 ILCS §305 et seq., performing the functions therein enumerated.

**COMPLAINT ¶7:**

On information and belief, Defendant, the Board, has maintained a de facto policy and practice of not promoting African-Americans and persons over the age of forty (40) years old, and that the Plaintiff was terminated from his employment based upon these discriminatory practices.

**ANSWER:** The University denies the allegations in Paragraph 7.

**COMPLAINT ¶ 8:**

On information and belief, the Defendant, the Board has maintained a de facto policy and practice of terminating minority employees from management and supervisory positions based upon their race and age.

**ANSWER:** The University denies the allegations in Paragraph 8.

**COMPLAINT ¶ 9:**

On information and belief, the Defendant, the Board, has maintained a de facto policy and practice of suppressing the wages of African-American employees and of paying them less than similarly situated white employees.

**ANSWER:** The University denies the allegations in Paragraph 9.

**COMPLAINT ¶ 10:**

On information and belief, the Defendant, the Board, has maintained de facto policies and practices of unequal and denial of opportunities for and underpayment of African-Americans and. instead of implementing measures designed to ensure equal opportunities and equal pay, the Defendant corporation, the Board, has failed and refused to implement such measures and have further sought to discredit qualified African-Americans to justify their unequal treatment.

**ANSWER:** The University denies the allegations in Paragraph 10.

**COMPLAINT ¶ 11:**

On information and belief: the Defendant, the Board, has pursued and maintained a pattern and practice of implementing and maintaining racially discriminatory employment practices designed to hire, promote and compensate white individuals and to deny African-Americans positions, promotions and equal pay, regardless of performance and qualifications.

**ANSWER:** The University denies the allegations in Paragraph 11.

**COMPLAINT ¶ 12:**

The Defendant, the Board, has implemented salary administration, bonus, performance evaluations and training systems for ranking employees for the purposes of determining salary, raises, bonuses and promotions. The Defendant, the Board, has implemented and manipulated those systems of ranking employees to suppress the wages of African-Americans, to deny them positions, promotions, equal access to promotional opportunities, and to exclude African-American from managerial and supervisory positions regardless of their qualifications.

**ANSWER:** The University denies the allegations in Paragraph 12.

**COMPLAINT ¶ 13:**

The Defendant, the Board, has pursued a pattern and practice of discriminating against African-American employees in the terms and conditions of employment, including but not limited to: Subjecting African-Americans to a higher level of scrutiny and to stricter standards than white employees; Subjecting African-Americans to lower salaries, grades and other benefits that accorded to similarly situated white employees performing the same or similar tasks.

**ANSWER:** The University denies the allegations in Paragraph 13.

**COMPLAINT ¶ 14:**

Plaintiff, Morris R. Reeves, was hired by the Board, in July 2000 as a temporary employee through "Accountants on Call", a temporary employment agency. Because of his excellent performance, he was appointed to the position of acting Assistant Director of Financial Services in Publications by Pat Strauss. In May 2001, Plaintiff applied for the position of Assistant Director of Financial Services in Publications. After completing the search process, he was chosen for the position by a university search committee.

During Plaintiff's employment with the Board, he had several major performance accomplishments; he streamlined the Publications Services business unit, thereby reducing staff, and establishing new policies and procedures. This increased job billing efficiencies, and reduced costs. In addition, he assumed direct management of the vending program, and turned it around from a $200,000 loss to a $40,000 profit. Plaintiff managed set-up and established the operations of the Copier Program, which became the most successful and profitable unit of Publications Services, with revenues of 2 million dollars.

July 2006 was the last performance evaluation the Plaintiff received, which was satisfactory. In September 2007, the Board notified the Plaintiff that he was being terminated. At the time, the Defendant offered no reason or explanation for the termination of Plaintiff.

**ANSWER:** The University denies the allegations in Paragraph 14, except that the University admits as follows:

(a) Plaintiff was hired as a temporary employee in July, 2000;

(b) In 2001, Plaintiff was appointed Assistant Director of Financial Services in Publications;

(c) In July, 2006, Plaintiff received a performance evaluation, which may speak for itself; and

(d) In September, 2007, the University notified the Plaintiff that he was being non-reappointed.

**COMPLAINT ¶ 15:**

In or about June, 2007, Plaintiff utilized the Board's internal complaint procedure and complained about his pending termination. In or about, April 1, 2008, Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 440-2008-04461).

**ANSWER:** In response to Paragraph 15, the University denies that the Plaintiff utilized the University's formal complaint procedure but admits that the Plaintiff filed the charges described with the EEOC.

**COMPLAINT ¶ 16:**

The Defendant has refused to re-instate the Plaintiff to his position.

**ANSWER:** In response to Paragraph 16, the University admits that it has not rescinded its notice not reappointing him to his previous position.

**COMPLAINT ¶ 17:**

The Board proffered the pretextual explanation that Reeve's performance did not warrant retention, when in truth and in fact Reeve's performance was equal or superior to similarly situated white employees, and employees under the age of forty (40) years of age who, upon information and belief, received raises, bonuses, higher grades, larger salaries and titles.

**ANSWER:** In response to Paragraph 17, the University admits that the Plaintiff's performance did not warrant retention but denies the remaining allegations in Paragraph 17.

**COUNT I**

(42 U.S.C. SECTION 1981)

**COMPLAINT ¶ 18:**

Plaintiff restates and realleges Paragraphs 1 through 11 as if fully set forth herein.

**ANSWER:** The University adopts its answers to Paragraph 1 through 11 as if fully set forth herein.

**COMPLAINT ¶ 19:**

The Board intentionally subjected Plaintiff to unequal and discriminatory treatment because of his race and color by:

a. Failing and refusing to pay him wages, grant him titles and promotions and grade increases to similarly situated white employees;

b. Replacing Plaintiff with a white employee, and an employee under the age of forty (40) years of age.

c. Subjecting Plaintiff to a higher level of scrutiny and stricter standards in his job performance than similarly situated white employee.

**ANSWER:** The University denies the allegations in Paragraph 19.

**COMPLAINT ¶ 20:**

The actions of the Board constituted racial discrimination in employment in violation of 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991.

**ANSWER:** The University denies the allegations in Paragraph 20.

**COMPLAINT ¶ 21:**

The actions of the Board were intentional, willful and malicious and/or in reckless disregard for Plaintiff's rights as secured by 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991.

**ANSWER:** The University denies the allegations in Paragraph 21.

**COMPLAINT ¶ 22:**

The actions of the Board in intentionally discriminating against Plaintiff has caused great mental anguish, humiliation, degradation, physical and emotional pain and suffering,

inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages, punitive damages and attorneys' fees and costs.

**ANSWER:** The University denies the allegations in Paragraph 22.

**COUNT II**

(TITLE VII – RACE DISCRIMINATION IN EMPLOYMENT)

**COMPLAINT ¶ 23:**

Plaintiff restates and realleges paragraphs 1 through 22 as if fully set forth herein.

**ANSWER:** The University adopts its answers to Paragraphs 1 through 22 as if full set forth herein.

**COMPLAINT ¶ 24:**

Because race made a difference in the decision to terminate Plaintiff and to deny him wages, promotions, grade levels and titles in contrast to similarly white employees, to demote Plaintiff and remove him from the position of Assistant Director of Financial Services, the Board has violated Title VII of the 1964 Civil rights Act as amended by the Civil Rights Act of 1991.

**ANSWER:** The University denies the allegations in Paragraph 24.

**COMPLAINT ¶ 25:**

In violation of Title VII, 42 U.S.C. Section 2000e et seq., Plaintiff was treated less favorably by the Board with respect to the terms and conditions of his employment than Plaintiff's white co-employees were treated due to race.

**ANSWER:** The University denies the allegations in Paragraph 25.

**COMPLAINT ¶ 26:**

In violation of 42 U.S.C. Section 2000e, the Board acted with reckless disregard and deliberate indifference to Plaintiff's equal employment rights.

**ANSWER:** The University denies the allegations in Paragraph 26.

**COMPLAINT ¶ 27:**

The actions of the Board, in intentionally discriminating against Plaintiff has caused great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages, punitive damages and attorney's fees and costs.

**ANSWER:** The University denies the allegations in Paragraph 27.

**COUNT III**

(TITLE VII – AGE DISCRIMINATION IN EMPLOYMENT)

**COMPLAINT ¶ 28:**

Plaintiff restates and realleges paragraphs 1 through 27 as if fully set forth herein.

**ANSWER:** The University adopts its answers to Paragraph 1 through 27 as if fully set forth herein.

**COMPLAINT ¶ 29:**

Because age made a difference in the decision to terminate Plaintiff and to deny him wages, promotions, grade levels and titles in contrast to similarly white employees, to demote Plaintiff and remove him from the position of Assistant Director of Financial Services, the Board has violated Title VII of the 1964 Civil rights Act as amended by the Civil Rights Act of 1991.

**ANSWER:** The University denies the allegations in Paragraph 29.

**COMPLAINT ¶ 30:**

In violation of Title VII, 42 U.S.C. Section 2000e, et seq. and ADEA of 1967, Plaintiff was treated less favorably by the Board with respect to the terms and conditions of his employment than Plaintiff's white co-employees were treated due to age.

**ANSWER:** The University denies the allegations in Paragraph 30.

**COMPLAINT ¶ 31:**

In violation of 42 U.S.C. Section 2000e, and ADEA of 1967, the Board acted with reckless disregard and deliberate indifference to Plaintiff's equal employment rights.

**ANSWER:** The University denies the allegations in Paragraph 31.

**COMPLAINT ¶ 32:**

The actions of the Board in intentionally discriminating against Plaintiff has caused great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages, punitive damages and attorneys' fees and costs.

**ANSWER:** The University denies the allegations in Paragraph 32.

**COUNT IV**

(TITLE VII – GENDER DISCRIMINATION)

**COMPLAINT ¶ 33:**

Plaintiff restates and realleges Paragraphs 1 through 32 as if fully set forth herein.

**ANSWER:** The University adopts its answers to Paragraphs 1 through 32 as if fully set forth herein.

**COMPLAINT ¶ 34:**

Because gender made a difference in the decision to terminate Plaintiff and to deny him wages, promotions, grade levels and titles in contrast to similarly white employees, to demote Plaintiff and remove him from the position of Assistant Director of Financial Services, the Board has violated Title VII of the 1964 Civil rights Act as amended by the Civil Rights Act of 1991.

**ANSWER:** The University denies the allegations in Paragraph 34.

**COMPLAINT ¶ 35:**

In violation of Title VII, 42 U.S.C. Section 2000e, et seq. Plaintiff was treated less favorably by the Board with respect to the terms and conditions of his employment than Plaintiff's white co-employees were treated due to gender.

**ANSWER:** The University denies the allegations in Paragraph 35.

**COMPLAINT ¶ 36:**

In violation of Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights Act of 1991, Plaintiff was discriminated against because of his gender, in as much as, the Defendant retained and hired, similar situated persons in the same position as the Plaintiff in a different manner.

**ANSWER:** The University denies the allegations in Paragraph 36.

**COMPLAINT ¶ 37:**

In violation of Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights Act of 199) , Plaintiff was discriminated against because the Board acted with reckless disregard and deliberate indifference to Plaintiffs equal employment rights.

**ANSWER:** The University denies the allegations in Paragraph 37.

**COMPLAINT ¶ 38:**

The actions of the Board in intentionally discriminating against Plaintiff has caused great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages, punitive damages and attorneys' fees and costs.

**ANSWER:** The University denies the allegations in Paragraph 38.

WHEREFORE, the Defendant, The Board of Trustees of the University of Illinois, prays for judgment in its behalf and against the Plaintiff with costs and attorneys fees awarded to it.

Respectfully Submitted,

THE BOARD OF TRUSTEES OF
THE UNIVERSITY OF ILLINOIS

By: /s/ Norman P. Jeddeloh
One of its Attorneys

Norman P. Jeddeloh
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
(312) 876-7100

**UNITED STATES OF DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MORRIS R. REEVES,

Plaintiff,

v.

THE BOARD OF TRUSTEES of the UNIVERSITY OF ILLINOIS,

Defendant.

Case No. 10 CV 3316

Judge: Rebecca Pallmeyer

Magistrate Judge: Susan E. Cox

**UNIVERSITY'S AFFIRMATIVE DEFENSES**

The Board of Trustees of the University of Illinois (the "University"), by and through its attorneys Norman P. Jeddeloh and Arnstein & Lehr LLP, for its affirmative defenses states as follows:

**FIRST AFFIRMATIVE DEFENSE**

Any actions taken by the University with respect to the Plaintiff were not based, in whole or part, on any unlawful discriminatory animus, founded on the Plaintiff's age, race, color, gender or otherwise, but rather were based upon bona fide job related requirements and legitimate non-discriminatory criteria.

**SECOND AFFIRMATIVE DEFENSE**

The University applied the same criteria and standards to the Plaintiff as it utilized with respect to all other employees similarly situated to the Plaintiff and did not apply different criteria or standards to the Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred for his failure to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred under the *Faragher/Ellerth* Affirmative Defense based on, among other things, his failure to utilize or follow internal complaint procedures set up by the University or to otherwise avoid harm to himself.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiff raises, through his complaint, claims relating to events occurring over 300 days prior to the filing of his administrative charge of discrimination with the EEOC, those events and related claims are time barred.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiff attempts through his complaint to add claims which he did not bring before the EEOC, his complaint is barred as it is beyond the scope of his administrative charge.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff is not entitled to recover monetary relief because, even assuming arguendo, the existence of any improper factors in any decision made concerning him, the University would have taken the same action for valid business reasons.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that evidence of Plaintiff's misconduct is disclosed or produced during discovery, the University asserts that the Plaintiff's claims are barred and/or his damages are limited by the doctrine of after acquired evidence.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiff's claims for punitive damages are based on actions or omissions of the University's agents, the claim for punitive damages is barred by limitations inherent in general agency principles.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages, if granted, would be grossly excessive and would violate the Fifth, Eighth, Eleventh and Fourteenth Amendments to the United States Constitution.

Respectfully submitted,

THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS

By: /s/ Norman P. Jeddeloh
One of Its Attorneys

Norman P. Jeddeloh
Arnstein & Lehr LLP
120 South Riverside Plaza, Suite 1200
Chicago, IL 60606
(312) 876-7100